**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-58

UNITED STATES TAX COURT

ROUBEN DJOSHABEH AND JENIA DJOSHABEH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26533-12S.                    Filed June 23, 2014.

Rouben Djoshabeh and Jenia Djoshabeh, pro sese.

<u>Christopher J. Richmond</u>, for respondent.

SUMMARY OPINION

CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

_____

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' Federal income tax (tax) for their taxable year 2009 of $8,256 and $1,651.20, respectively.

The only issue remaining for decision is whether petitioner Rouben Djoshabeh is liable for the year at issue for the accuracy-related penalty under section 6662(a). We hold that he is.

FINDINGS OF FACT

Petitioner Rouben Djoshabeh (Mr. Djoshabeh) and respondent stipulated some of the facts in this case, and those facts are so found.[2]

Petitioners resided in California at the time they filed the petition.

During 2009, certain of petitioners' debts to three different creditors totaling $53,451 were canceled by those creditors.

---

[2]Petitioner Jenia Djoshabeh (Ms. Djoshabeh) did not sign the stipulation of facts between respondent and Mr. Djoshabeh (stipulation of facts). Ms. Djoshabeh did not appear at the trial in this case, and respondent filed a motion to dismiss for lack of prosecution as to her. We shall grant that motion and shall enter a decision with respect to Ms. Djoshabeh that is the same as the decision that we shall enter with respect to Mr. Djoshabeh.

Petitioners filed Form 1040, U.S. Individual Income Tax Return (return), for their taxable year 2009 (2009 return) that petitioners and a paid return preparer signed. On page 1 of their 2009 return, petitioners reported "Wages, salaries, tips, etc." of $36,343, "Taxable interest" of $18, "Business income or (loss)" of negative $17,145, taxable "Social security benefits" of zero, and "total income" of $19,216. Although petitioners made no entry on that page for "Other income", they attached a statement (other income statement) to their 2009 return with respect to "Other income". In that statement, petitioners reported negative $45,832 as "1099-C NONTAXABLE IRC SEC 108" and $37,511 and $8,321 as two items of "CANCELLATION OF DEBT".[3] Petitioners reduced those two items of "CANCELLATION OF DEBT" totaling $45,832 by the negative $45,832 of "1099-C NONTAXABLE IRC SEC 108" and, as a result, showed a total of zero in the other income statement. On page 2 of their 2009 return, petitioners claimed "total tax" of zero.

Respondent issued a notice of deficiency to petitioners for their taxable year 2009. In that notice, respondent determined, inter alia, that petitioners have can-

[3]In the stipulation of facts, Mr. Djoshabeh admitted that petitioners failed to include in the other income statement attached to their 2009 return an additional canceled debt of $7,619.

cellation of debt income totaling $53,451.[4]  In the notice, respondent also determined that petitioners are liable for the accuracy-related penalty under section 6662(a).

## OPINION

The only issue that we must decide is whether Mr. Djoshabeh is liable for the year at issue for the accuracy-related penalty under section 6662(a).  That section imposes an accuracy-related penalty of 20 percent of the underpayment to which section 6662 applies.  Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code.  Sec. 6662(c).  Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances.  Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990).  The term "negligence" also includes any

_____

[4]In the notice, respondent made a computational adjustment relating to "Social Security RRB" that resulted from respondent's determination that petitioners have cancellation of debt income totaling $53,451.

failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

For purposes of section 6662(b)(2) an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown in the tax return for that year or $5,000. Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on all the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the taxpayer's reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Reliance on the advice of a professional may demonstrate reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. <u>Id.</u> In this connection, a taxpayer must demonstrate that the taxpayer's reliance on the advice of a professional concerning substantive tax law was objectively reasonable. <u>Goldman v. Commissioner</u>, 39 F.3d 402, 408 (2d Cir. 1994), <u>aff'g</u> T.C. Memo. 1993-480. A taxpayer's reliance on the advice of a professional will be objectively reasonable only if the taxpayer has provided necessary and accurate information to the professional. <u>Neonatology Assocs., P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), <u>aff'd</u>, 299 F.3d 221 (3d Cir. 2002); <u>see also</u> <u>Ma-Tran Corp. v. Commissioner</u>, 70 T.C. 158, 173 (1978).

The Commissioner of Internal Revenue (Commissioner) bears the burden of production with respect to any penalty or addition to tax. <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To satisfy the Commissioner's burden of production, the Commissioner must come forward with "sufficient evidence indicating that it is appropriate to impose" the penalty or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. at 446. Although the Commissioner bears the burden of production with respect to any penalty or addition to tax, the Commissioner "need not introduce evidence regarding reasonable cause * * * or similar

provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

At the trial in this case, Mr. Djoshabeh conceded the deficiency determination that respondent made in the notice. Implicit in that concession is that petitioners have cancellation of debt income in the total amount that respondent determined in the notice. On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c).

Mr. Djoshabeh contests here only the accuracy-related penalty. According to Mr. Djoshabeh, he should not be liable for that penalty because he gave the accountant who prepared petitioners' 2009 return three Forms 1099[5] with respect to certain debt of petitioners that was canceled during 2009,[6] and it was his accountant who did not include in petitioners' income any amount with respect to that canceled debt.

---

[5]Presumably, Mr. Djoshabeh gave the accountant who prepared petitioners' 2009 return Forms 1099-C, Cancellation of Debt.

[6]Mr. Djoshabeh did not claim at trial that the accountant who prepared petitioners' 2009 return was responsible for failing to include in the other income statement attached to their 2009 return a canceled debt of $7,619 in addition to the total of $45,832 of canceled debt shown in that statement. See supra note 3.

Except for Mr. Djoshabeh's uncorroborated testimony that petitioners relied on the accountant who prepared their 2009 return when they did not include in their 2009 return certain cancellation of debt income,[7] the record is devoid of evidence, such as the testimony of that accountant, that establishes that Mr. Djoshabeh acted with reasonable cause and in good faith in failing to report that income.

On the record before us, we find that Mr. Djoshabeh has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment for his taxable year 2009.

Based upon our examination of the entire record before us, we find that Mr. Djoshabeh has failed to carry his burden of establishing that he is not liable for his taxable year 2009 for the accuracy-related penalty under section 6662(a). See sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

We have considered all of Mr. Djoshabeh's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[7]See supra notes 3 and 6.

To reflect the foregoing and Mr. Djoshabeh's concession,

An order granting respondent's
motion to dismiss for lack of prosecution as
to petitioner Jenia Djoshabeh and decision
for respondent will be entered.